# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WALTER E. SMITH, on Behalf of Himself and All Others Similarly Situated,<br>    Plaintiff,<br>v.<br><br>INTERSTATE BAKERIES CORP. et al.,<br>    Defendants. | )<br>)<br>)<br>) No. 03-0142-CV-W-FJG<br>)<br>)<br>) |

## FINDINGS AND ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

WHEREAS, in February 2003, putative class actions were filed against Interstate Bakeries Corporation (IBC) and certain of its current and former officers and directors alleging federal securities law violations; and

WHEREAS, these actions have been consolidated into the above-captioned action (the "Action"); and

WHEREAS, Municipal Employees Retirement System of Michigan, City of St. Clair Shores (Michigan) General Retirement System and City of Roseville (Michigan) Employees Retirement System have been appointed as Lead Plaintiffs and Milberg Weiss Bershad & Schulman LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP have been appointed as Lead Counsel; and

WHEREAS, after Lead Plaintiffs were provided with the opportunity to review relevant IBC documents and depose relevant IBC officers and directors, and after the parties participated in a voluntary mediation session and engaged in intense negotiations both in connection with that meditation session and subsequent to it, the parties entered

into a September 21, 2004 Stipulation of Settlement (see Doc. No. 43, Ex. "Stipulation of Settlement"), as amended by a Stipulation Modifying Settlement Agreement (see Doc. No. 58) dated April 7, 2005 following IBC's filing in bankruptcy (along with their exhibits referred to in this Order collectively as the "Settlement Agreement"); and

WHEREAS, the Settlement Agreement, which sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Complaint and dismisses such claims on the merits and with prejudice, is subject to review under Rule 23 of the Federal Rules of Civil Procedure; and

WHEREAS, the Court having read and considered the Settlement Agreement, all prior proceedings in the case, the written and oral presentations of the Settling Parties and the Settling Parties' consent to entry of this Order, and the matter having come before the Court for hearing on May 6, 2005;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ninth day of May, 2005 that:

1. **Definitions.** The terms defined in the Settlement Agreement are incorporated into this Order.

2. **Preliminary Class Certification for Settlement Purposes.** Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), this Action is hereby preliminarily certified as a class action for settlement purposes on behalf of all persons or entities who purchased, sold, exchanged, acquired, disposed of, or transferred IBC common stock IBC between April 2, 2002 and April 8, 2003 inclusive.

Excluded from the Class are

    (a) such persons or entities who submit valid and timely requests for

exclusion from the Class;

(b) such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding with IBC and/or a Defendant, and released IBC and the Releasees from any further claims concerning their purchase, sale, exchange, acquisition, disposal, or transfer involving IBC common stock during the Class Period;

(c) such persons or entities who are or were Defendants; Family Members of any Defendant; any entity in which IBC or a Defendant has or had a Controlling Interest; the legal representatives, heirs, executors, successors or assigns of any person or entity requesting exclusion from the Class or any current or former directors or officers of IBC or of an entity in which IBC had a Controlling Interest.

3. **Class Findings.** The Court preliminarily finds that, for the sole purpose of settlement and without an adjudication of the merits, the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3), the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law have been satisfied in that:

(a) The number of Class Members is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Class, including whether IBC's press releases and filed statements with the Securities and Exchange Commission contained false and misleading statements;

(c) based on Lead Plaintiffs' allegations that Defendants engaged in uniform misconduct affecting the Class Members, the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent;

(d) the Lead Plaintiffs and Lead Counsel will fairly and adequately

3

represent the interests of the Class in that (i) the interest of the Lead Plaintiffs and the nature of their alleged claims are consistent with those of the Class, (ii) there appears to be no conflicts between or among the Lead Plaintiffs and the Class Members, (iii) the Lead Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action and (iv) the Lead Plaintiffs and the Class Members are represented by qualified reputable counsel who are experienced in preparing and prosecuting large, complicated securities fraud class actions;

   (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

   (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  In making these preliminary findings, the Court has considered, among other factors, (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions, (ii) the impracticability or inefficiency of prosecuting or defending separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

  4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Lead Plaintiffs Municipal Employees Retirement System of Michigan, City of St. Clair Shores (Michigan) General Retirement System, and City of Roseville (Michigan) Retirement System are preliminary certified as Class Representatives.

  5. **Findings Regarding Proposed Settlement.** The Court finds that (i) the proposed settlement resulted from negotiations and voluntary mediation between

experienced counsel and was concluded only after Lead Counsel had reviewed relevant documents regarding the disclosure issues alleged in the Consolidated Complaint, taken the depositions of IBC witnesses, (ii) the parties consulted with various consultants and experts regarding the issues raised in the Consolidated Complaint, including individuals with expertise in estimating potential damages in cases involving allegations of securities fraud and (iii) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and the proposed settlement to Class Members, and holding a full hearing on the proposed settlement. The Court thus preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described in paragraph 6 below.

6. **Fairness Hearing.** A hearing (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **August 26, 2005, at 8:15 a.m.** for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to finally determine whether the Notice, the Summary Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constitutes the best practicable notice, (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to

5

object to or exclude themselves from the proposed settlement and their right to appear at the Fairness Hearing, (iii) are reasonable and constitute due, adequate sufficient notice to all persons entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77a-1(a)(3)(B)(ii)) (the "PSLRA"), the Rules of the Court and any other applicable law;

   (d) to finally determine whether Lead Counsel and Lead Plaintiffs adequately represent the Class for purposes of entering into and implementing the settlement;

   (e) to determine whether the Order Approving Settlement and the Final Judgment as provided under the Settlement Agreement should be entered, dismissing the Consolidated Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Releasees;

   (f) to determine whether Class Members should be permanently enjoined from, among other things, (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on the Released Claims and (ii) organizing such Class Members into a separate class for purposes of pursing as a purported class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) any lawsuit based on the Released Claims.

   (g) to determine whether the proposed Plan of Allocation for the proceeds

of the settlement is fair and reasonable, and should be approved by the Court;

       (h)    to consider Lead Counsel's application for an award of attorneys' fees and expenses; and

       (i)    to rule upon such other matters as the Court may deem appropriate.

7.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order Approving Settlement and Final Judgment and to dismiss the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.    **Appointment of Claims Administrator.** The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator.

9.    **Findings of Fact and Conclusions of Law.** The Settling Parties are directed to prepare findings of fact and conclusions of law in support of the Court's Final Judgment and Order Approving Class Action Settlement.

10.    Lead Plaintiffs are directed to cause the Claims Administrator to rent one or more post-office boxes in the name of the Clerk of the Court, to be used for receiving requests for exclusion and any other Class Member communications including Proof of Claim forms. In addition to the Court and the Clerk of the Court, only Defendants' Counsel, Lead Counsel, the Claims Administrator and their designated agents shall have access to the post-office boxes.

11.    As provided in the Settlement Agreement, Lead Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with the review of

claims and administration of the Settlement Agreement out of the Settlement Amount without further order of the Court.

12. **Notice.** The Court approves the form, substance and requirements of the Notice, the Summary Notice and the Proof of Claim in the form as substantially set out in the Settlement Agreement, Doc. No. 55 Exs. A-1, A-2, and A-3. It further approves the notice methodology set out below. The cost of providing notice pursuant to this paragraph 12 shall be paid consistent with the terms of the Settlement Agreement.

(a) **Notice by Mail.** The Claims Administrator shall cause a copy of the Notice and Proof of Claim to be mailed, by first class mail, postage prepaid, on or before **June 3, 2005**, to all Class Members who can be identified with reasonable effort and to all legal counsel (if any) known by Defendants' Counsel and Lead Counsel to represent a Class Member in a pending litigation, arbitration or other proceeding, or with respect to any other Claim, against any Releasee involving any Released Claim. Defendants' Counsel and Lead Counsel shall provide a list of such legal counsel of which they are aware to the Claims Administrator as set out in the Settlement Agreement. Defendants shall cooperate in making IBC's transfer records and shareholder information available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to Nominees. Such Nominees are directed within seven (7) days of receipt of the Notice to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, in which case the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial

8

owners. Nominees who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any Nominee requesting such copies for the purpose of distribution to beneficial owners. Nominees shall be reimbursed from the Cash Settlement Account, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending Notices and Proofs of Claim to beneficial owners. Lead Counsel shall, at or before the Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

(b) **Publication on Internet.** By no later than **June 3, 2005**, the Claims Administrator, Lead Counsel and IBC shall post a copy of the Notice and Proof of Claim on each of their respective websites.

(c) **Summary Notice.** By no later than **June 13, 2005**, Lead Counsel shall cause the Summary Notice to be published on at least one occasion in the national editions of The New York Times and The Wall Street Journal, and in USA Today and the Kansas City Star. Lead Counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

13. **Findings Concerning Notice.** Having considered the forms and methods of providing notice that are described in paragraph 12 above, the Court finds that the notice to be provided to Class Members, including the Notice, the Summary Notice and the methodology employed to disseminate both, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of (a) the pendency of the Action, (b) the effect of this Settlement Agreement (including the Release),

(c) the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class, (d) their right to object to the proposed settlement, (e) their right to review discovery produced to Lead Plaintiffs by Defendants, (f) their right to exclude themselves from the Class and (g) their right to appear at the Fairness Hearing; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law.

14. In order to be entitled to participate in the Net Cash Settlement Amount, in the event the settlement is effected in accordance with all of the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (as approved by the Court in paragraph 12 above) must be submitted to the Claims Administrator at the address indicated in the Notice, postmarked not later than **September 26, 2005**. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Cash Settlement Amount. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the

following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of paragraph 14(a); (ii) it must be accompanied by adequate supporting documentation, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to final approval of the Settlement Agreement) release all Released Claims as provided in the Settlement Agreement.

15. **Exclusion from the Class.** Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as provided in this Order. A Class Member wishing to make such request shall mail by first-class mail or otherwise deliver a written request for exclusion to the Claims Administrator, care of the address provided in the Notice, such that it is postmarked or delivered no later than **August 5, 2005**. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the

11

Class in the Interstate Bakeries Corp. Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of IBC common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or if the exclusion is otherwise accepted by the Court. All Class Members who do not submit valid and timely written requests for exclusion from the Class (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) will be bound by all proceedings, orders and judgments relating to this Settlement Agreement, even if such Class Members have previously initiated or subsequently initiate litigation, arbitration or other proceedings, or have any other Claim against any or all of the Releasees relating to any of the Released Claims.

16. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Cash Settlement Amount as described in the Settlement Agreement and Notice.

17. Lead Counsel shall submit a list of the persons and entities who have request exclusion to the Court at or before the Fairness Hearing.

18. **Objections, Access to Discovery and Appearance at Fairness Hearing.** Class Members who have not filed requests for exclusion may object to any aspect of the Settlement Agreement (including its fairness, reasonable or adequacy), the Plan of Allocation and/or the award of attorneys' fees and reimbursement of expenses. In order to be considered by the Court, Class Members must both effect service on Lead Counsel

and Defendants' Counsel and file with the Court by no later than **August 5, 2005** a statement of his, her or its objection(s), setting out in such statement the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention.  The Class Member's statement (and any supporting papers) must be filed in writing with the Clerk of the Court, United States District Court for the Western District of Missouri, Western Division, Charles Evans Whittaker Courthouse, 400 E. 9th Street, Kansas City, Missouri  64106, and served upon each of the following:  Steven G. Schulman, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York  10119-0165 and Samuel H. Rudman, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 200 Broadhollow, Suite 406, Melville, New York  11747-4806 (Lead Counsel) and Ralph C. Ferrara, Esq., Debevoise & Plimpton LLP, 555 13th Street, N.W., Suite 1100E, Washington, DC  20004 (Defendants' Counsel).  Defendants' Counsel, Lead Counsel, and any other counsel for the Class, are directed to promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.  If a Class Member hires an attorney to represent him, her or it for the purposes of objecting to the settlement pursuant this paragraph (or for reviewing discovery materials pursuant to paragraph 21 below), the attorney must both effect service of a notice of appearance on Lead Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court by no later than **August 5, 2005**.  Any Class Member who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.

13

19. Attendance at the Fairness Hearing is not necessary. However, any Class Member who files and serves a timely, written objection in accordance with paragraph 18 above also may appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must both effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the Class Member (and, if applicable, the name, address and telephone number of the Class Member's attorney) on Lead Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court by no later than **August 5, 2005**. Any Class Member who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20. The Court approves the Stipulation of Confidentiality in the form as substantially set out in the Settlement Agreement, Doc. No. 43, Ex. F.

21. Upon agreeing to be bound by the Stipulation of Confidentiality, a Class Member (and his, her or its counsel (if any)) will be provided access, at his, her or its own expense, to the discovery materials in the Action for the sole purpose of assessing the Settlement Agreement. The discovery materials shall be made available for inspection at the offices of Defendants' Counsel in Washington, D.C.

22. **Preliminary Injunction.** Pending final determination of whether the settlement should be approved, all Class Members who have not validly and timely

excluded themselves from the Class (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on the Released Claims; provided however, that nothing in this paragraph 22 or in this Order enjoins the Derivative Claims. In addition, all persons and entities are preliminarily enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any Class Members, including Class Members who have not timely excluded themselves from the Class, if such other lawsuit is based the Released Claims.

23. **Termination of Settlement. This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if** (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement or (ii) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed Settlement Agreement shall become null and void and of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever. If the event

15

the Settlement Agreement does not become final, each party shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement

24. If the Settlement Agreement does not become final for any reason, this Order shall be of no force or effect shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against Lead Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Consolidated Complaint is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

25. **Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice.

26. **Retention of Jurisdiction.** The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement, including a determination if the settlement should be approved as fair, reasonable and adequate.

**IT IS SO ORDERED.**

                                            /s/ FERNANDO J. GAITAN, JR.
                                            Fernando J. Gaitan, Jr.
                                            United States District Judge

Dated:  May 10, 2005  .
Kansas City, Missouri.