# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WALTER E. SMITH, on Behalf of Himself and All Others Similarly Situated,<br>Plaintiff,<br>v.<br><br>INTERSTATE BAKERIES CORP. et al.,<br>Defendants. | No. 03-0142-CV-W-FJG |

**ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs and Defendants entered into a September 21, 2004 Stipulation of Settlement; and

WHEREAS, the Court entered a May 10, 2005 Order (Doc. No. 63, hereafter the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering individual and publication notice to potential class members, scheduling a Fairness Hearing and providing those persons identified as member of the putative class with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement; and

WHEREAS, the Court held a Fairness Hearing on August 26, 2005 to determine (*i*) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate and should therefore be approved; (*ii*) whether judgment should be entered dismissing the Consolidated Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are Class Members; (*iii*) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (*iv*) whether and in what amount to award

Lead Counsel fees and reimbursement of expenses; and

WHEREAS, the Court is contemporaneously issuing a Final Judgment that, among other things, grants final certification of the settlement class, approves the proposed settlement and dismisses class members' claims as set out in the Consolidated Complaint with prejudice;

NOW THEREFORE, based on the submissions of the parties and Class Members, and on the arguments of counsel at the Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Settlement Documents.** This Order Approving Class Action Settlement incorporates and makes a part hereof:

    (a) the September 21, 2004 Stipulation of Settlement filed with this Court on September 27, 2004 (Doc. No. 43); and

    (b) Exhibits A through G to the Stipulation of Settlement (Doc. No. 43); and

    (c) The April 7, 2005 Stipulation Modifying Settlement Agreement (Doc. No. 58).

The Stipulation of Settlement, all of its exhibits, and the Stipulation Modifying Settlement Agreement shall be referred to collectively in this Order as the "Settlement Agreement." Unless otherwise defined in this Order, the capitalized terms in the Order have the same meaning as they have in the Settlement Agreement.

2. **Jurisdiction.** The Court has personal jurisdiction over all Class Members (as defined below) and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement and the Plan of Allocation, grant

final certification of the Class and dismiss this Action on the merits and with prejudice.

3. **Final Class Certification.** The Court finds that the Class preliminarily certified in the Preliminary Approval Order (Doc. No. 63) meets all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for the reasons set out in the Preliminary Approval Order. The Court therefore finally certifies for settlement purposes a Class consisting of all persons or entities who purchased, sold, exchanged, acquired, disposed of, or transferred IBC common stock IBC between April 2, 2002 and April 8, 2003 inclusive. The Class certified by this Court for settlement purposes does not include:

(a) such persons or entities who submitted valid and timely requests for exclusion from the Class;

(b) such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding with IBC and/or a Defendant, and released IBC and the Releasees from any further claims concerning their purchase, sale, exchange, acquisition, disposal, or transfer involving IBC common stock during the Class Period;

(c) such persons or entities who are or were Defendants; Family Members of any Defendant; any entity in which IBC or a Defendant has or had a Controlling Interest; the legal representatives, heirs, executors, successors or assigns of any person or entity requesting exclusion from the Class or any current or former directors or officers of IBC or of an entity in which IBC had a Controlling Interest.

A list of the persons of entities who requested exclusion from the Class is on file with the Court (see Doc. No. 71, Ex. D) and is incorporated herein and made a part hereof. The persons and entities set out on this list shall be deemed to be excluded from the Class.

4. **Adequacy of Representation.** Lead Counsel and Lead Plaintiffs have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4) and the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77a-1(a)(3)(B)(ii)) (the "PSLRA").

5. **Notice.** The Court finds that the distribution of the Notice, the publication of the Summary Notice and the notice methodology were all implemented in accordance with the Court's Preliminary Approval Order. The Court further finds that the Notice, the Summary Notice and the notice methodology (*i*) constituted the best practicable notice to Class Members under the circumstances of this Action; (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise putative Class Members of (*a*) the pendency of the Action, (*b*) the effect of the Settlement Agreement (including the Release), (*c*) the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class, (*d*) their right to object to the proposed settlement, (*e*) their right to review discovery produced to Lead Plaintiffs by Defendants, (*f*) their right to exclude themselves from the Class and (*g*) their right to appear at the Fairness Hearing; (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law.

6. **Final Settlement Approval.** For the reasons stated in the parties' respective

briefs in support of final settlement approval (Doc. No. 66, pp. 7-17, and Doc. No. 73, pp. 15-23), the terms and provision of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law, and in the best interests of each of the Settling Parties and the Class Members. The objections made to the settlement by Robert Hernandez (Doc. No. 64) are **OVERRULED** in that (1) the objections were filed after the deadline established by the Court; and (2) the objections do not consider the standards applicable under the Federal Rules of Civil Procedure, as discussed in the parties' respective briefs (Doc. Nos. 66 and 73). The Settling Parties are directed to consummate the Settlement Agreement in accordance with its terms and provisions.

7. **Finding of Good Faith.** The Court finds that the Consolidated Complaint was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

8. **Binding Effect.** The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Lead Plaintiffs and all other Class Members, as well as all of their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) assigns and releasees.

5

9. **Release.** The Release and relevant definitions of the Settlement Agreement, are set out in the attached Appendix and are expressly incorporated herein in all respects. The Release is effective as of the Final Settlement Date and forever discharges, among other things, the Releasees from any claims of liabilities arising from the Released Claims. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Releasees on the merits and with prejudice by virtue of the proceedings herein and this Order and the Final Judgment. Nothing contained in the Settlement Agreement, Order Approving Settlement Agreement, Final Judgment, Complete Bar Order, Release Agreement or any other release issued in connection therewith (the "Settlement Documents") shall release, interfere with, or bar the investigation, assertion, or prosecution of any and all claims of any kind or nature that (*i*) IBC directly or indirectly (through an entity or an assignee); (*ii*) any of its creditors; or (*iii*) any entity or trust established for the benefit of creditors (as representatives or assignees of IBC), may hold against any of IBC's current or former officers, directors or employees, except for any claims that IBC may assert to seek recovery, from any current or former officer or director, of all or any part of the $3 million payment (defined as the "IBC Settlement Amount" in the Settlement Agreement) that may be paid pursuant to the terms of the Settlement Agreement.

10. Notwithstanding anything contained in the above paragraph 9, the release granted under the Settlement Documents shall be binding on any creditor of IBC that is also a Class Member to the same extent it is binding on any other member of the class, provided that such person or entity does not opt out of the Settlement Agreement and the Settlement Agreement is approved.

11.     **Permanent Injunction.**  All Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) assigns and releasees) are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon any Released Claim.  All persons or entities are permanently barred and enjoined from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that is based upon any Released Claims.  Nothing in this Order or the Final Judgment shall release, interfere with or bar the prosecution of the Derivative Claims.

12.     **PSLRA Bar.**  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim (a) by any person or entity against a Defendant and (b) by any Defendant against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of the above, (*a*) any person or entity, including, without limitation, each and every Defendant, is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Defendants any such claim for contribution, and (*b*) each and every Defendant is hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such claim for contribution.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Class or a Class

Member against any person or entity shall be reduced by the greater of (*i*) an amount that corresponds to the percentage of responsibility of the Defendants for the loss to the Class or a Class Member or (*ii*) the amount paid by or on behalf of the Defendants to the Class or a Class Member in connection with the Settlement Agreement.

13. **Complete Bar.** The Court finds that the Settlement Agreement represents a good faith settlement of all Released Claims of all Class Members sufficient to discharge Defendants and the Releasees of all Released Claims of all Class Members. In order to effectuate such settlement, the Court hereby bars and enjoins all of the following claims for contribution or indemnification:

(a) Any and all claims by persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Releasees arising under state, federal, or common law, however styled, whether for indemnification or contribution, or otherwise denominated (including without limitation claims for breach of contract and for misrepresentation) where the claim is based upon the Released Claims whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or un-matured, accrued or un-accrued, including without limitation any claim in which the person or entity seeks to recover from any of the Releasees (*i*) any amounts it may become liable to pay to any of the Class Members and/or (*ii*) any costs, expenses, or attorney's fees from defending any claim by any of the Class Members. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this section are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Released Claim; provided that, with respect to any

8

judgment against any person or entity on behalf of the Class or a Class Member based upon any Released Claim, that person or entity shall be entitled to a credit of the greater of (*i*) an amount that corresponds to the percentage of responsibility of the Defendants for the loss to the Class or a Class Member or (*ii*) the amount of the Settlement Amount for the Class or a Class Member; provided further that nothing in this Complete Bar Order shall prevent a putative Class Member who validly requests exclusion from the Class from pursuing any Released Claim. If any provision of this section is subsequently held to be unenforceable, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Released Claim;

      (b) Each and every Releasee is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any person or entity (including any other Releasee) arising under state, federal, or common law, however styled, whether for indemnification or contribution, or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation, where the claim is based upon any Released Claim, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or un-matured, accrued or un-accrued, including, without limitation, any claim in which any Releasee seeks to recover from any person or entity, including another Releasee, (*i*) any amounts any such Releasee has or may become liable to pay to any of the Class Members and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by any of the Class Members. All such claims are hereby extinguished, discharged, satisfied, and unenforceable. However, notwithstanding anything stated in this Complete Bar Order or in the Settlement Agreement, in the event

9

that any person or entity commences against any of the Releasees any action asserting a Released Claim and such claim is not barred by a court pursuant to the above section or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by that Releasee against the person or entity who has commenced such action; provided further that nothing in this Complete Bar Order or in the Settlement Agreement shall release, interfere with or bar the prosecution of, the Derivative Claims.

(c) If, notwithstanding the Complete Bar Order, any person or entity obtains a judgment against any of the Releasees on any Released Claim of any Class Member, to recover, directly or indirectly, (i) any amounts that such person or entity may become liable to pay to any of the Class Members and (ii) any costs, expenses, or attorney's fees from defending any claim by any of the Class Members, the Class and the Class Members will reduce or credit any judgment or settlement (up to the amount of such judgment or settlement) that they may obtain against such person or entity by an amount equal to the amount of the person's or entity's judgment against the Releasees, which amount shall be credited to the Releasee.

(d) In the event that a final judgment is entered in favor of the Class against any person or entity before the adjudication of such person's or entity's claims against any Releasee, any funds collected on account of such judgment shall not be distributed to the Class, but shall be held in trust pending final adjudication of such claim and such funds shall be used as a credit against any judgment rendered in favor of the person or entity against the Releasee as provided above.

(e) The Class shall not settle any claim with a person or entity without

obtaining from the person or entity a release of any claims that the person or entity may have against any of the Releasees.

14. **No Evidentiary Effect.** This Order, the Final Judgment, the Settlement Agreement (whether or not consummated), any of its terms and provisions, any of the negotiations or proceedings connected with it, any of the documents or statements referred to in it, and any proceedings taken pursuant to it:

(a) shall not be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) shall not be offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) shall not be offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided however, that if the Settlement Agreement is approved by the Court,

11

this Order, the accompanying Final Judgment or the Settlement Agreement may be filed in any action against or by any Defendant to support a defense of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim;

(d) shall not be construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Consolidated Complaint would not have exceeded the Cash Settlement Amount.

15. **Plan of Allocation.** The Plan of Allocation is approved as fair and reasonable. Lead Counsel and the Administrator are directed to administer the Plan of Allocation in accordance with its terms and provisions.

16. **Enforcement of Settlement.** Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

17. **Attorneys' Fees and Expenses.** Plaintiffs' motion for attorneys' fees (Doc. No. 67) is **GRANTED** consistent with the terms of this Order. Lead Counsel are hereby awarded 25% of both the $15 Million in cash that has been paid into escrow by

Defendants' insurers ("Insurance Settlement Amount") and the amount that may ultimately be accrued on the $3 Million claim against IBC's bankruptcy estate ("IBC Settlement Amount") in fees, which sum the Court finds to be fair and reasonable, and $132,154.30 in reimbursement of expenses, which expenses shall be paid to Lead Counsel pursuant to the terms of the Settlement Agreement. The award of attorneys' fees shall be allocated among all counsel representing plaintiffs in a manner which, in the opinion of Lead Counsel, fairly compensates all such counsel for their respective contributions in the prosecution of the Action.

**The Court modifies the schedule of attorneys' fee payments as follows: within five (5) business days following the Approval Date, the Escrow Agent shall pay an amount equal to 80% of the attorneys' fees awarded in the above paragraph, plus $132,154.30 in reimbursement of expenses, from the settlement escrow account. The Escrow Agent shall hold in escrow an amount equal to 20% of the attorneys' fees awarded in the above paragraph until final payment has been made to the plaintiff class. The remaining 20% of the attorneys' fee award will be released upon application to the Court following final payment to plaintiffs. In particular, this paragraph modifies ¶¶ II.C.1 and IX.A.2 of the stipulation of settlement (Doc. No. 43) and any other provisions of the Settlement Agreement that are not in accord with this modification.**

      18.    In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

      (a)    the settlement has created a fund of $15 million in cash that is

already on deposit in an interest-bearing escrow account, with additional amounts to be contributed by IBC after the Final Settlement Date;

  (b) the numerous Class Members who have filed or will file timely and valid proofs of claim will benefit from the settlement created by Lead Counsel;

  (c) Over 21,000 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel were moving for attorneys' fees in the amount of up to 25% of the Settlement Amount and for reimbursement of expenses in an amount of approximately $200,000 and only one objection was filed with respect to the terms of the proposed Settlement Agreement or the amount of the fees and expenses requested by Lead Counsel contained in the Settlement Notice;

  (d) Lead Counsel have conducted the litigation and achieved the Settlement Agreement with skill, perseverance and diligent advocacy;

  (e) The Action involves complex factual and legal issues and was actively; in the absence of a settlement, further prosecution would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

  (f) Had Lead Counsel not achieved the Settlement Agreement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

  (g) Counsel representing plaintiffs have devoted over 2,700 hours, with a lodestar value of $1,062,973.25, to achieve the Settlement Agreement; and

  (h) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Amount are consistent with awards in similar cases.

  19. The preceding paragraphs 16 and 17 of this Order cover, without

already on deposit in an interest-bearing escrow account, with additional amounts to be contributed by IBC after the Final Settlement Date;

  (b) the numerous Class Members who have filed or will file timely and valid proofs of claim will benefit from the settlement created by Lead Counsel;

  (c) Over 21,000 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel were moving for attorneys' fees in the amount of up to 25% of the Settlement Amount and for reimbursement of expenses in an amount of approximately $200,000 and only one objection was filed with respect to the terms of the proposed Settlement Agreement or the amount of the fees and expenses requested by Lead Counsel contained in the Settlement Notice;

  (d) Lead Counsel have conducted the litigation and achieved the Settlement Agreement with skill, perseverance and diligent advocacy;

  (e) The Action involves complex factual and legal issues and was actively; in the absence of a settlement, further prosecution would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

  (f) Had Lead Counsel not achieved the Settlement Agreement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

  (g) Counsel representing plaintiffs have devoted over 2,700 hours, with a lodestar value of $1,062,973.25, to achieve the Settlement Agreement; and

  (h) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Amount are consistent with awards in similar cases.

  19. The preceding paragraphs 16 and 17 of this Order cover, without

limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Lead Counsel or any other counsel of record representing plaintiffs, Lead Plaintiffs or Class Members in this Action, or incurred by plaintiffs, Lead Plaintiffs or Class Members, or any of them, in connection with or related in any manner to this Action and/or Released Claims, and the settlement of this Action except to the extent otherwise specified in this Order or the Settlement Agreement.

20. **Administrator's Fees and Expenses.** The Court retains jurisdiction to consider an application by the Administrator for an award of fees and reimbursement of expenses relating to its implementation of the settlement as set out in Settlement Agreement.

21. **Modification of Settlement Agreement.** The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement, provided that such amendment, modifications and expansions of the Settlement Agreement are not materially inconsistent with this Order and/or the Final Judgment and do not materially limit the rights of Class Members under the Settlement Agreement. Any modification in the Plan of Allocation that involves an amount equal to or less than ten percent (10%) of the total distribution amount involved in the Plan of Allocation shall be deemed to be materially consistent with this Order and the Final Judgment and shall be deemed not to materially limit the rights of Class Members under the Settlement Agreement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the

15

Settlement Agreement.

22. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without in any way affecting the finality of this Order and the accompanying Final Judgment, the Court expressly retains continuing and exclusive jurisdiction over the Settling Parties and the Class Members for all matters relating to this Action, including the administration, consummation, interpretation, effectuation or enforcement of the Settlement Agreement and of this Order and the Final Judgment, and for any other reasonably necessary purpose, including, without limitation,

(a) enforcing the terms and conditions of the Settlement Agreement (including, without limitation, enforcement of the Complete Bar Order, the Contribution Bar Order and the permanent injunction);

(b) resolving any disputes, claims or causes of action that, in whole or in part are related to or arise out of the Settlement Agreement, this Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member, and whether claims or causes of action allegedly related to this Action are or are not barred by the Final Judgment or Release);

(c) reviewing any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class;

(d) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Order and/or the Final Judgment; and

(e) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

16

*Provided* that nothing in this paragraph 21 is intended to restrict the ability of the Settling Parties to exercise their rights under paragraph 20 of this Order.

23. **Dismissal of Action.** This Action, including all individual claims and Class claims, is hereby **DISMISSED** on the merits and with prejudice against Lead Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

24. **Rule 58 Separate Judgment.** The Court is contemporaneously entering the accompanying Final Judgment in accordance with Federal Rule of Civil Procedure 58.

Consistent with the terms of this Order, plaintiffs' motion for final approval of class action settlement (Doc. No. 65) is **GRANTED.**

**IT IS SO ORDERED.**

      /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   September 8, 2005   .
Kansas City, Missouri.