# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WALTER E. SMITH, on Behalf of Himself and All Others Similarly Situated,<br>    Plaintiff,<br>v.<br><br>INTERSTATE BAKERIES CORP. et al.,<br>    Defendants. | )<br>)<br>)<br>) No. 03-0142-CV-W-FJG<br>)<br>)<br>) |

## FINAL JUDGMENT

1. Consistent with the terms of the Order Approving Class Action Settlement entered on September 7, 2005, (the "Approval Order"), the settlement of this class action on the terms set forth in the parties' September 21, 2004 Stipulation of Settlement, with exhibits **(as modified by the Order Approving Class Action Settlement, ¶ 17)** (collectively, the "Settlement Agreement), is approved as fair, reasonable and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and in the best interests of the Settling Parties and the Class Members. Unless otherwise defined in this Final Judgment, the capitalized terms in the Final Judgment have the same meaning as they have in the Settlement Agreement.

2. The following class is granted final certification for settlement purposes under Federal Rule of Civil Procedure 23(b)(3):

all persons or entities who purchased, sold, exchanged, acquired, disposed of, or transferred IBC common stock IBC between April 2, 2002 and April 8, 2003 inclusive.

The Class certified by this Court for settlement purposes does *not* include:

    (a)    such persons or entities who submitted valid and timely requests for exclusion from the Class;

    (b)    such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding with IBC and/or a Defendant, and released IBC and the Releasees from any further claims concerning their purchase, sale, exchange, acquisition, disposal, or transfer involving IBC common stock during the Class Period;

    (c)    such persons or entities who are or were Defendants; Family Members of any Defendant; any entity in which IBC or a Defendant has or had a Controlling Interest; the legal representatives, heirs, executors, successors or assigns of any person or entity requesting exclusion from the Class or any current or former directors or officers of IBC or of an entity in which IBC had a Controlling Interest.

A list of the persons of entities who requested exclusion from the Class is on file with the Court (see Doc. No. 71, Ex. D) and is incorporated herein and made a part hereof. The persons and entities set out on this list shall be deemed to be excluded from the Class.

    3.    The Notice, the Summary Notice and the notice methodology (*i*) constituted the best practicable notice to putative Class Members under the circumstances of this

Action; (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (*a*) the pendency of the Action, (*b*) the effect of this Settlement Agreement (including the Release), (*c*) the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class, (*d*) their right to object to the proposed settlement, (*e*) their right to review discovery produced to Lead Plaintiffs by Defendants, (*f*) their right to exclude themselves from the Class and (*g*) their right to appear at the Fairness Hearing; (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77a-1(a)(3)(B)(ii)), the Rules of the Court and any other applicable law. All member of the Class as defined above are Class Members who are bound by this Final Judgment.

4. The claims in this Action are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Approval Order, without costs to any party except as provided therein.

5. All Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns) are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is arises out of any Released Claims. All persons or entities are permanently barred and enjoined from organizing any Class Members for purposes of pursuing as a purported class

action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit that arises out of any Released Claims.  Nothing in this Final Judgment or the Order shall release, interfere with or bar the prosecution of the Derivative Claims.

6. The Court retains continuing and exclusive jurisdiction over this Action for the reasons and purposes, and subject to the conditions, set forth in the Court's Approval Order.

Accordingly, FINAL JUDGMENT is hereby entered in accordance with Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

  /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   September 8, 2005   .
Kansas City, Missouri.

4